UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

LEONARDO DE JESUS ZULUAGA DUQUE,
   a/k/a "Rey,"
ERICA MILENA LOPEZ ORTIZ,
FELIPE ESTRADA ECHEVERRY,
   a/k/a "Pepe,"
ALEXANDER EGIDIO AREIZA CEBALLOS, and
ADRIAN FERNANDO AREIZA CEBALLOS,

              Defendants.

**SUPERSEDING SEALED INDICTMENT**

S1 24 Cr.

**24 CRIM 133**

---

## COUNT ONE
### (Conspiracy to Commit Money Laundering)
### (ZULUAGA, LOPEZ, ESTRADA)

The Grand Jury charges:

1. From at least in or about May 2023 through at least in or about November 2023, in the Southern District of New York and elsewhere, LEONARDO DE JESUS ZULUAGA DUQUE, a/k/a "Rey," ERICA MILENA LOPEZ ORTIZ, and FELIPE ESTRADA ECHEVERRY, a/k/a "Pepe," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

2. It was a part and an object of the conspiracy that LEONARDO DE JESUS ZULUAGA DUQUE, a/k/a "Rey," ERICA MILENA LOPEZ ORTIZ, and FELIPE ESTRADA ECHEVERRY, a/k/a "Pepe," the defendants, and others known and unknown, would and did

transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Section 841, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

(Title 18, United States Code, Section 1956(h).)

**COUNT TWO**
**(Conspiracy to Import Cocaine)**
**(ZULUAGA, LOPEZ, ALEXANDER EGIDIO AREIZA CEBALLOS, and ADRIAN FERNANDO AREIZA CEBALL)**

The Grand Jury further charges:

3. From at least in or about October 2023 through at least in or about February 2024, in the Southern District of New York and elsewhere, LEONARDO DE JESUS ZULUAGA DUQUE, a/k/a "Rey," ERICA MILENA LOPEZ ORTIZ, ALEXANDER EGIDIO AREIZA CEBALLOS, and ADRIAN FERNANDO AREIZA CEBALLOS, the defendants, and others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

4. It was a part and an object of the conspiracy that LEONARDO DE JESUS ZULUAGA DUQUE, a/k/a "Rey," ERICA MILENA LOPEZ ORTIZ, ALEXANDER EGIDIO AREIZA CEBALLOS, and ADRIAN FERNANDO AREIZA CEBALLOS, the defendants, and others known and unknown, would and did import into the United States and into the customs

territory of the United States from a place outside thereof a controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

5. It was further a part and an object of the conspiracy that LEONARDO DE JESUS ZULUAGA DUQUE, a/k/a "Rey," ERICA MILENA LOPEZ ORTIZ, ALEXANDER EGIDIO AREIZA CEBALLOS, and ADRIAN FERNANDO AREIZA CEBALLOS, the defendants, and others known and unknown, would and did manufacture and distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

6. The controlled substance that LEONARDO DE JESUS ZULUAGA DUQUE, a/k/a "Rey," ERICA MILENA LOPEZ ORTIZ, ALEXANDER EGIDIO AREIZA CEBALLOS, and ADRIAN FERNANDO AREIZA CEBALLOS, the defendants, conspired to (a) import into the United States and into the customs territory of the United States from a place outside thereof, and (b) manufacture and distribute, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B).

(Title 21, United States Code, Section 963.)

## FORFEITURE ALLEGATION

7. As a result of committing the offense alleged in Count One of this Indictment, LEONARDO DE JESUS ZULUAGA DUQUE, a/k/a "Rey," ERICA MILENA LOPEZ ORTIZ, and FELIPE ESTRADA ECHEVERRY, a/k/a "Pepe," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

8. As a result of committing the offense alleged in Count Two of this Indictment, LEONARDO DE JESUS ZULUAGA DUQUE, a/k/a "Rey," ERICA MILENA LOPEZ ORTIZ, ALEXANDER EGIDIO AREIZA CEBALLOS, and ADRIAN FERNANDO AREIZA CEBALLOS, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

        d.        has been substantially diminished in value; or

        e.        has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

      (Title 18, United States Code, Section 982;
      Title 21, United States Code, Section 853; and
      Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney