UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/12/26____
```

UNITED STATES OF AMERICA

        - v. -

LEONARDO DE JESUS ZULUAGA DUQUE,
  a/k/a "Rey,"

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO
SPECIFIC PROPERTY/
MONEY JUDGMENT

S7 24 Cr. 133 (MKV)

WHEREAS, on or about April 23, 2026, LEONARDO DE JESUS ZULUAGA DUQUE a/k/a "Rey" (the "Defendant"), and another, was charged in a two-count Superseding Indictment, S7 24 Cr. 133 (MKV) (the "Indictment"), with conspiracy commit money laundering, in violation of Title 18, United States Code, Sections 1956(h) and 3238 (Count One); and conspiracy to import cocaine, in violation of Title 21, United States Code, Section 963; Title 18, United States Code, Section 3238 (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1) of any and all property, real and personal, involved in the offense charged in Count One of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count One of the Indictment;

WHEREAS, on or about May 12, 2026, the Defendant pled guilty to Counts One and Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1),

a sum of money equal to $14,751,846 in United States currency, representing property involved in the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $14,751,846 in United States currency, representing the amount of property involved in the offense charged in Count One of the Indictment; and

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the following property which, pursuant to a seizure warrant, was seized by the Government on or about March 12, 2025, as property, *inter alia*, involved in the offense charged in Count One of the Indictment:

  a. Approximately 290,357.42414 USDT formerly contained in wallet TWdGDJMN9GpHTBfd9LqP42m12XZwh5UXx1;

  b. Approximately 1,091,542.18751 USDT formerly contained in wallet TNGhBAHxDe9y4kS5X643Nyjy1sxsaxxNin;

  c. Approximately 376,264.33597 USDT formerly contained in wallet TKRJF3wkh6y5GyEpyLxYryezBymbjHWuyz; and

  d. Approximately 138,468.18336 USDT formerly contained in wallet TTNtSdfAhNmRVn1qVbejyARxz7tcKHGeiX

(a. through d., collectively, the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Courts One of the Indictment cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its

possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorneys Jennifer N. Ong, Eli J. Mark, and David A. Markewitz, of counsel, and the Defendant and his counsel, Jill Shellow, Esq., and Richard Palma, Esq., that:

1.      As a result of the offenses charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the total amount of $14,751,846 in United States currency (the "Money Judgment"), representing the amount of property involved in the offense charged in Count One of the Indictment, shall be entered against the Defendant.

2.      As a result of the offenses charged in Counts One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant LEONARDO DE JESUS ZULUAGA DUQUE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.  All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14.     The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York


By:    _____          5/12/2026
       Jennifer N. Ong                             DATE
       Eli J. Mark
       David A. Markewitz
       Assistant United States Attorneys
       26 Federal Plaza
       New York, NY 10278
       (212) 637-2224/2431/2260


LEONARDO DE JESUS ZULUAGA DUQUE


By:    _____          5/12/2026
       Leonardo De Jesus Zuluaga Duque             DATE


By:    _____          5/12/2026
       Richard Palma, Esq.                         DATE
       225 Broadway Suite 715
       New York City, NY 10007

       Jill Shellow, Esq.
       15 Chester Avenue
       White Plains, NY 10601
       Attorneys for Defendant

SO ORDERED:

_Mary Kay Vyskocil_
HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

5/12/26

DATE